# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| **PAUL SCHMIDT** | § | |
| | § | |
| **v.** | § | **CIVIL CAUSE NO. _____** |
| | § | |
| **BLUE MONSTER TRANSPORT, INC.,** | § | |
| **AND YU JUNG JUANG** | | |


**INDEX OF DOCUMENTS FILED IN STATE COURT**

| Exhibit | Document | Date Filed in State Court |
|---|---|---|
| D-1 | Plaintiff's Original Petition, Jury Demand and Rule 193.7 Notice | 08/06/2021 |
| D-2 | Request for Issuance | 08/10/2021 |
| D-3 | Affidavit of Service on Blue Monster Transport, Inc. | 08/26/2021 |
| D-4 | Affidavit of Service on Yu Jang Juang | 08/31/2021 |
| D-5 | Defendants Blue Monster Transport, Inc. and Yu Jung Juang's Original Answer | 09/20/2021 |

# EXHIBIT D-1

Filed 8/6/2021 12:46 PM
Tammy Robinson
District Clerk
Taylor County, Texas
Tammy Robinson

CAUSE NO. _28398-B_____

| | | |
|---|---|---|
| **PAUL SCHMIDT** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | Taylor County - 104th District Court |
| | § | **_____ DISTRICT COURT** |
| **BLUE MONSTER TRANSPORT, INC.,** | § | |
| **AND YU JUNG JUANG** | § | |
| | § | **TAYLOR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND RULE 193.7 NOTICE

COME NOW, PAUL SCHMIDT, Plaintiff in the above-styled and numbered cause of action, complaining of Defendants, BLUE MONSTER TRANSPORT, INC., and YU JUNG JUANG, (collectively referred to as "Defendants"), and in support thereof would show unto this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1.1     Pursuant to Texas Rule of Civil Procedure 190.3 the discovery of this case is to be conducted under Level 2 Discovery Control Plan.

### II. CLAIM FOR RELIEF

2.1     Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.00.

### III. PARTIES

3.1     PAUL SCHMIDT ("Plaintiff") is a resident of Tarrant County, Texas.

3.2     Defendant BLUE MONSTER TRANSPORT, INC., ("Defendant BLUE MONSTER TRANSPORT, INC.") is a foreign corporation licensed to transact business in Texas.  Pursuant to Texas Business Organizations Code, this Defendant can be served with process pursuant to TRCP 106(a)(1) and/or (2) by or mailing to the Defendant by registered or certified mail, return receipt requested, a true copy of the citation and petition to its registered agent, _**Ipin Chen, 5757 Kauffman Ave., Temple City, California 91780,**_ or wherever defendant may be found.

3.4     Yu Jung Huang ("Defendant Huang") is an individual resident of Los Angeles County, California. This Defendant can be served with process pursuant to TRCP 106(a)(1) and/or (2) by delivering to the Defendant, in person, or mailing to the Defendant by registered or certified mail, return receipt requested, a true copy of the citation and petition at his place of residence, 15825 Harvest Moon Street, La Puente, California 91780-2560, or wherever this defendant may be found.

## IV.  JURISDICTION and VENUE

4.1     This Court has jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of this Court.

4.2     All or a substantial part of the events or omissions giving rise to the claim occurred in Taylor County.  Therefore, venue is proper pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code.  Additionally, the facts show that the convenience of the parties and the witnesses and the interest of justice would be best served in Taylor County.

4.3     All conditions precedent have occurred.

4.4     Nothing Plaintiff did caused or contributed to this occurrence.

## V. FACTS

5.1     On or about September 24, 2019, Plaintiff was operating a tractor trailer that was traveling on west Interstate Highway 20 in Taylor County, Texas. At the same time and place, Defendant Huang was operating a tractor trailer and was traveling east on Interstate Highway 20. Defendant Huang lost control of his tractor trailer and crashed into the center median cables. Upon striking the cables, Defendant Huang's tractor trailer tipped on its side and blocked both westbound lanes of travel.   As a result, Plaintiff's vehicle struck the vehicle operated by Defendant Huang.  The collision occurred with tremendous force, proximately causing Plaintiff to suffer severe, excruciating, and painful personal injuries.

5.2    At the time of the incident, Defendant BLUE MONSTER TRANSPORT, INC. was the owner and/or lessee of the vehicle operated by Defendant Huang.

5.3    At the time of the incident, Defendant Huang was an employee, agent and/or representative of Defendant BULE MONSTER TRANSPORT, INC. and was operating within the course and scope of his employment with Defendant BULE MONSTER TRANSPORT, INC.

## VI. NEGLIGENCE OF DEFENDANT YU JUNG HUANG

6.1    The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Huang.  The conduct of Defendant Huang constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to Plaintiff made the basis of this suit.  Defendant Huang's actions or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

a.    failing to control the operation of his vehicle;

b.    failing to avoid the incident in question;

c.    failing to keep a proper look out;

d.    failing to yield the right of way;

e.    failing to apply the brakes properly and/or timely in violation of Texas Transportation Code §547.408)(a)(3);

f.    failing to take proper evasive action;

g.    failing to maintain a proper following distance;

h.    failing to dedicate proper attention to the operation of his vehicle;

i.    operating his vehicle while distracted;

j.    failing to operate his vehicle in a safe manner; and/or

k.    failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant Huang constituted negligence and such negligence per se and such negligence was a proximate cause of the occurrence of Plaintiff's injuries and damages.

6.2     Plaintiff will show this court that the harm Plaintiff suffered is the type of harm which the above statue is intended to prevent. Plaintiff will also show this Court that Plaintiff was a member of the class of persons in which the statue was enacted to protect. Such violation amounts to *negligence per se* and is the proximate cause of the occurrence in question.

## VII. <u>RESPONDEAT SUPERIOR</u>

7.1     On or about September 24, 2019, Defendant Huang caused the truck he was operating to collide with a vehicle operated by Plaintiff, causing Plaintiff to sustain serious and permanent injuries.  At the time of the collision, Defendant Huang was driving a motor vehicle owned by Defendant BLUE MONSTER TRANSPORT, INC.  and/or was operating within the course and scope of his employment with Defendant BLUE MONSTER TRANSPORT, INC.

## VIII. <u>DEFENDANT BLUE MONSTER TRANSPORT, INC.</u>

8.1     The conduct of Defendant BLUE MONSTER TRANSPORT, INC. constitutes negligence as that term is known in the law. Such negligent acts or omission include, but are not limited to, the following:

  a. allowing Defendant Huang to operate their vehicle even though they knew or should have known he was a reckless or incompetent driver;

  b. entrusting a vehicle to Defendant Huang even though they knew or should have known he was a reckless or incompetent driver;

  c. failing to properly train Defendant Huang, in the safe operation of a motor vehicle;

  d. failing to properly supervise Defendant Huang's driving activities;

  e. failing to properly maintain the vehicle in a safe operational condition;

  f. failing to maintain the vehicle to the minimal standard of safety;

g.    failing to establish and enforce safety rules and regulations;

h.    failing to properly educate, instruct and supervise in the performance of Defendant Huang's duties;

i.    failing to adequately train, educate, or provide instructions and orders to persons;

j.    failing to provide proper safety manuals and instructions to employees responsible for safety;

k.    failing to properly secure and track its equipment;

l.    failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment;

m.    hiring and continuing to retain an unsafe, unlicensed, incompetent, and/or reckless driver when it knew and/or should have known that the subject driver was unlicensed, incompetent and/or reckless;

n.    failing to properly train, supervise and/or monitor Defendant Huang;

o.    failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-300, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7; and/or

m.    other acts of negligence and negligence per se.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendants constituted negligence and such negligence was a proximate cause of the occurrence of Plaintiff's injuries and damages.

Plaintiff would show this Court that the harm Plaintiff suffered is the type of harm which the above statue is intended to prevent. Plaintiffs would also show this Court that Plaintiff was a member of the class of persons in which the statue was enacted to protect. Such violation amounts to *negligence per se* and is the proximate cause of the occurrence in question.

## IX. GROSS NEGLIGENCE OF ALL DEFENDANTS

9.1     Defendants' conduct described herein demonstrates a conscious indifference to the rights, safety and welfare of Plaintiffs. Further, their actions involved an extreme risk of danger which posed more than a remote possibility of dangers to others, such as Plaintiffs and demonstrated a callous indifference to the safety of others.

## X.  DAMAGES

10.1    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.

10.2    Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

      a.      past and future medical care expenses;

      b.      past and future loss of earning capacity and lost wages;

      c.      past and future physical pain and suffering and mental anguish;

      d.      past and future physical impairment;

      e.      past and future disfigurement;

      f.      past and future loss of household services; and

      g.      past and future out-of-pocket economic losses.

10.3    Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit.

10.4    Plaintiff seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

## XI.  JURY DEMAND

11.1    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury.  The appropriate jury fee is tendered with the filing of this pleading.

## XII. RULE 193.7 NOTICE

12.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recovers damages in accordance with the evidence, that Plaintiff recovers costs of court herein expended, that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

/s/ *Tanner C. Forman*

**TANNER C. FORMAN**
SBN: 24094662
**JIM S. ADLER & ASSOCIATES**
The Tower at CityPlace, Lock Box 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas 75204
Tel: (214) 220-3203
Fax: (214) 220-3245
tforman@jimadler.com
**ATTORNEY FOR PLAINTIFF**

# EXHIBIT D-2

Filed 8/10/2021 2:10 PM
Tammy Robinson
District Clerk
Taylor County, Texas
Lily Bishop

# Request for Issuance Form

Date: 8/6/2001

Payment: e-file

Cause Number: 28398-B

Style of Case: Paul Schmidt vs Blue Monster Transport, Inc. and Yu Jung Juang

PLEASE ISSUE:

_✓_ Citation (Personal Service) (2)

_____ Citation by Certified Mail

_____ Citation and Temporary Restraining Order

_____ Citation and Notice of Hearing

_____ Notice of Hearing

_____ Notice of Hearing for Protective Order

_____ Writ of Habeas Corpus/Attachment

_____ Citation by Posting /Publication (specify)

_____ Notice of Expunction

_____ Abstract of Judgment _____ Execution (circle) 30, 60, 90 days

_____ Other

Indicate what to serve with issuance

PH'S Original Petition

_____

Indicate who to serve with issuance

Defendants
Yu Jung Huang
15825 Harvest Moon Street
La Puente California
91780-2560

Send to Issuance to: tforman@jimadler.com
mchavarria@jimadler.com

_____ Sheriff of Taylor County
_____ Constable of Taylor County
_____ Certified Mail Service
_____ Return to Attorney
_____ Name of Attorney: _____
_✓_ Private Process Server
Name of Server: Republic Services
_____ Other Please Specify

Blue Monster Transport
Inc.
Ipin Chen 5757 Kauffman ave
Temple city, California
91780

_Melina Chavarria_
Signature of Attorney or Person Requesting Issuance

Copy from re:SearchTX

# EXHIBIT D-3

Filed 8/26/2021 9:16 AM
Tammy Robinson
District Clerk
Taylor County, Texas
Lily Bishop

## <u>AFFIDAVIT OF SERVICE</u>

**State of Texas**                    **County of Taylor**                    **104th Judicial District Court**

Case Number: 28398-B

Plaintiff:
**PAUL SCHMIDT**

vs.

Defendant:
**BLUE MONSTER TRANSPORT, INC. AND
YU JUNG JUANG**

Received these papers on the 25th day of August, 2021 at 10:30 am to be served on **BLUE MONSTER TRANSPORT, INC. by delivering to THE TEXAS SECRETARY OF STATE, 1019 Brazos Street, 1st Floor Lobby, Austin, Travis County, TX 78701.**

I, Jeff Keyton, being duly sworn, depose and say that on the **25th day of August, 2021** at **10:56 am, I:**

delivered true duplicate copies of this **Citation together with Plaintiff's Original Petition, Jury Demand and Rule 193.7 Notice** to the within named defendant, **BLUE MONSTER TRANSPORT, INC.** by delivering to **THE TEXAS SECRETARY OF STATE,** by and through its designated agent, **OLEETA DAWSON,** at the address of: **1019 Brazos Street, 1st Floor Lobby, Austin, Travis County, TX 78701,** having first endorsed upon both copies of such process the date of delivery and tendering the $55 Statutory Fee.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 25th
day of August, 2021 by the affiant who is
*personally known to me.*

_____
NOTARY PUBLIC

_____
**Jeff Keyton**
PSC-735; Exp 7/31/2022

Our Job Serial Number: THP-2021004261
Ref: 550186

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2c



Copy from re:SearchTX



RECEIVED

AUG 2 5 2021

@ 10:30 AM

# THE STATE OF TEXAS
## Case No. 28398-B

**NOTICE TO DEFENDANT:** "The citation shall include the following notice to the defendant: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

**TO: Blue Monster Transport, Inc.**
**5757 Kauffman Ave**
**Temple City CA  91780**

**Defendant, GREETINGS:**

You are hereby commanded to appear by filing a written answer to the Citation at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 104th District Court of Taylor County, Texas, at the Courthouse of said County in Abilene, Texas.

Said Plaintiff's Petition was filed in said Court, by Tanner C. Forman, 717 N Harwood St Ste 3350   Dallas TX  75201 on August 06, 2021 in this case, numbered **28398-B** on the docket of said court, and styled,

**PAUL SCHMIDT VS. BLUE MONSTER TRANSPORT, INC. AND YU JUNG JUANG**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Citation accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said Court at Abilene, Texas, on this the 10th day of August, 2021.

Attached Per Request of Attorney:

Clerk's Name and Address:
Tammy Robinson, District Clerk
Taylor County Courthouse
Suite 400
Abilene, Texas 79602

AFFIDAVIT ATTACHED

By: _____, Deputy
Lily Bishop

DISTRICT COURT
TAYLOR COUNTY, TEXAS

Copy from re:SearchTX

**RETURN OF SERVICE**

28398-B        104th District Court
Paul Schmidt vs. Blue Monster Transport, Inc. and Yu Jung Juang
Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the
_____ day of _____, 20____.

_____, Officer

_____County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
**Blue Monster Transport, Inc.  5757 Kauffman Ave  Temple City CA  91780**

OFFICER'S RETURN

Came to hand on the __25th__ day of __August__, 20__21__, at __10:30__, o'clock __A__ .m., and
executed in _____ County, Texas by delivering to each of the within named defendants in
person, a true copy of this Citation with the date of delivery endorsed thereon, together with the
accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|---------------------------------------------|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**
Serving Petition and Copy $_____
Total                $_____

_____, Officer
_____County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation
shall sign the return. The signature is not required to be verified. If the return is signed by a person other
than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under
penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my
address is _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of
_____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

Copy from re:SearchTX

# EXHIBIT D-4

Filed 8/31/2021 11:15 AM
Tammy Robinson
District Clerk
Taylor County, Texas
Lily Bishop

## AFFIDAVIT OF SERVICE

**State of Texas**                 **County of Taylor**                 **104th Judicial District Court**

Case Number: 28398-B

Plaintiff:
**PAUL SCHMIDT**

vs.

Defendant:
**BLUE MONSTER TRANSPORT, INC. AND
YU JUNG JUANG**

Received these papers on the 27th day of August, 2021 at 2:30 pm to be served on **YU JANG JUANG, 1019 Brazos Street, 1st Floor Lobby, Austin, Travis County, TX 78701.**

I, Jeff Keyton, being duly sworn, depose and say that on the **27th day of August, 2021** at **3:11 pm, I:**

delivered true duplicate copies of this **Citation together with Plaintiff's Original Petition, Jury Demand and Rule 193.7 Notice** to the within named defendant, **YU JANG JUANG** by delivering to **THE TEXAS SECRETARY OF STATE,** by and through its designated agent, **WEB JEROME,** at the address of: **1019 Brazos Street, 1st Floor Lobby, Austin, Travis County, TX 78701,** having first endorsed upon both copies of such process the date of delivery and tendering the $55 Statutory Fee.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas.  I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced  cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 30th
day of August, 2021 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**Jeff Keyton**
PSC 735; Exp 7/31/2022

Our Job Serial Number: THP-2021004351
Ref: 550186

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2c



Copy from re:SearchTX

RECEIVED

AUG 2 7 2021

@ 2³⁰ pm

# THE STATE OF TEXAS
## Case No. 28398-B

**NOTICE TO DEFENDANT:** "The citation shall include the following notice to the defendant: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

**TO: Yu Jung Juang**
**15825 Harvest Moon Street**
**La Puente CA  91780-2560**

**Defendant, GREETINGS:**

You are hereby commanded to appear by filing a written answer to the Citation at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 104th District Court of Taylor County, Texas, at the Courthouse of said County in Abilene, Texas.

Said Plaintiff's Petition was filed in said Court, by Tanner C. Forman, 717 N Harwood St Ste 3350   Dallas TX  75201 on August 06, 2021 in this case, numbered **28398-B** on the docket of said court, and styled,

**PAUL SCHMIDT VS. BLUE MONSTER TRANSPORT, INC. AND YU JUNG JUANG**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Citation accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said Court at Abilene, Texas, on this the 10th day of August, 2021.

Attached Per Request of Attorney:

Clerk's Name and Address:
Tammy Robinson, District Clerk
Taylor County Courthouse
Suite 400
Abilene, Texas 79602

*AFFIDAVIT ATTACHED*

By: _____, Deputy
_ _ _ _ _Lily Bishop_ _ _ _ _ _ _ _

*DISTRICT COURT · TAYLOR COUNTY, TEXAS*

Copy from re:SearchTX

## RETURN OF SERVICE

28398-B        104th District Court
Paul Schmidt vs. Blue Monster Transport, Inc. and Yu Jung Juang
Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the
_____ day of _____, 20_____.

_____, Officer

_____County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
**Yu Jung Juang  15825 Harvest Moon Street  La Puente CA  91780-2560**

### OFFICER'S RETURN

Came to hand on the ___27___ day of ___Aug___, 20_21_, at __2:30__, o'clock __P__.m., and
executed in _____ County, Texas by delivering to each of the within named defendants in
person, a true copy of this Citation with the date of delivery endorsed thereon, together with the
accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____
_____
and the cause or failure to execute this process is: _____
_____
and the information received as to the whereabouts of said defendant(s) being: _____
_____

**FEES:**
Serving Petition and Copy $_____
Total                        $_____

_____, Officer
_____County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE
COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation
shall sign the return. The signature is not required to be verified. If the return is signed by a person other
than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under
penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my
address is _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of
_____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

Copy from re:SearchTX

# EXHIBIT D-5

Filed 9/20/2021 10:01 AM
Tammy Robinson
District Clerk
Taylor County, Texas
Jaci Pittman

## CAUSE NO. 28398-B

| | | |
|---|---|---|
| **PAUL SCHMIDT** | § | **IN THE DISTRICT COURT OF** |
| **v.** | § | |
| | § | **TAYLOR COUNTY, TEXAS** |
| **BLUE MONSTER TRANSPORT, INC.,** | § | |
| **AND YU JUNG JUANG** | § | |
| | | **104TH JUDICIAL DISTRICT** |

## DEFENDANTS BLUE MONSTER TRANSPORT, INC. AND YU JUNG JUANG'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

BLUE MONSTER TRANSPORT, INC. ("Blue Monster") and YU JUNG JUANG ("Juang") (collectively "Defendants"), two of the Defendants in the above-referenced cause, file this their Original Answer to Plaintiff's Original Petition, Jury Demand and Rule 193.7 Notice ("Original Petition"), and would show the Court the matters set forth below.

### I.
### GENERAL DENIAL

1.      Subject to such stipulations and admissions as may be made hereafter, Defendants hereby enter a general denial as is permitted by Rule 92 of the Texas Rules of Civil Procedure, and deny each and every, all and singular, the allegations set forth in the Original Petition, and demands that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations which he has made against Defendants.

### II.
### AFFIRMATIVE DEFENSES

2.      Pleading further, alternatively, and by way of affirmative defense, the incident in question and Plaintiff's alleged resulting damages, if any, were the result of negligent and negligent per se, acts and/or omissions of Plaintiff, whose acts or omissions were, alternatively, a proximate

cause, or a contributing proximate cause, or the sole proximate cause of the incident in question and any alleged damages resulting therefrom. Defendants, therefore, invoke the doctrine of comparative causation and proportionate responsibility as set forth in Chapter 33 of the Texas Civil Practice and Remedies Code.

3.      Pleading further, alternatively, and by way of affirmative defense, the incident in question and Plaintiff's alleged resulting damages, if any, were the result of negligent and negligent per se, acts and/or omissions of third parties, whose acts or omissions were, alternatively, a proximate cause, or a contributing proximate cause, or the sole proximate cause of the incident in question and any alleged damages resulting therefrom. Defendants, therefore, invoke the doctrine of comparative causation and proportionate responsibility as set forth in Chapter 33 of the Texas Civil Practice and Remedies Code.

4.      Further answering, alternatively, and by way of affirmative defense, Plaintiff's medical expenses should be limited to those actually paid or incurred on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

5.      Further answering, alternatively, and by way of affirmative defense, Defendants would show that pursuant to Texas Civil Practice and Remedies Code § 18.091, Plaintiff's alleged earnings, loss of earning capacity, and/or loss of contributions of a pecuniary value must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal and/or state income tax law.

6.      Defendants further plead failure to mitigate damages by Plaintiff as to the damages that he claim in this suit.

7.      Further answering, alternatively, and by way of affirmative defense, Plaintiff's claims for punitive damages are barred, in whole or in part, because Defendants committed no act or omission that was malicious, oppressive, willful, wanton, reckless, or grossly negligent.

## III.
## RIGHT TO AMEND

8.      Defendants reserve the right to amend this Answer, plead additional affirmative defenses, and request alternative grounds for relief in accordance with the Texas Rules of Civil Procedure.

## IV.
## PRAYER

WHEREFORE, Blue Monster Transport, Inc. and Yu Jung Juang request judgment of this Court that Plaintiff takes nothing in this suit, and that Defendants recover all costs, together with such other and further relief to which it may be justly entitled.


Respectfully submitted,

**CLARK HILL PLC**

*/s/ Annie J. Jacobs*
**ANNIE J. JACOBS**
State Bar No. 24050812
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 FAX
ajacobs@clarkhill.com

**BIJAN R. SIAHATGAR**
State Bar No. 18336200
909 Fannin, Suite 2300
Houston, Texas 77010-4035
(713) 951-5600
(713) 951-5660 FAX
bsiahatgar@clarkhill.com

**ATTORNEYS FOR DEFENDANTS**
**BLUE MONSTER TRANSPORT, INC. AND**
**YU JUNG JUANG**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 20th day of September, 2021 the foregoing was electronically filed in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure.

*/s/ Annie J. Jacobs*
**ANNIE J. JACOBS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Melissa Stuckey on behalf of Annie Jacobs
Bar No. 24050812
mstuckey@clarkhill.com
Envelope ID: 57394539
Status as of 9/20/2021 11:12 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Marisela Hernandez | | marihernandez@jimadler.com | 9/20/2021 10:01:56 AM | SENT |
| John Quirindongo | | JOQuirindongo@jimadler.com | 9/20/2021 10:01:56 AM | SENT |
| Melissa Chavarria | | MChavarria@jimadler.com | 9/20/2021 10:01:56 AM | SENT |
| Tanner Forman | | tforman@jimadler.com | 9/20/2021 10:01:56 AM | SENT |
| Annie J.Jacobs | | ajacobs@clarkhill.com | 9/20/2021 10:01:56 AM | SENT |
| Bijan Siahatgar | | bijan.siahatgar@strasburger.com | 9/20/2021 10:01:56 AM | SENT |