UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

PAUL SCHMIDT,

    Plaintiff,

v.

BLUE MONSTER TRANSPORT, INC.,
et al.,

    Defendants.

No. 1:21-CV-180-H

## MEMORANDUM OPINION AND ORDER

Recognizing that medical experts are costly, Texas enacted a provision—Texas Civil Practice & Remedies Code § 18.001—that allows a plaintiff to offer affidavits testifying to the reasonableness and necessity of her medical expenses. The plaintiff in this car-crash case produced such affidavits during discovery. The defendants now move to strike them, arguing that they are inadmissible hearsay under the Federal Rules of Evidence.

The present dispute is not whether Section 18.001 is substantive or procedural: both sides say that it is procedural and that, as a result, the Court must apply the Federal Rules. The question for the Court is what to do next. The defendants want the affidavits stricken in full. The plaintiff says that, by redacting references to the "reasonableness and necessity" of his medical bills, the Court can admit the affidavits as business records and avoid any hearsay problems. No other Court has adopted the plaintiff's solution, and the Court declines to raise additional arguments in the first instance, so the defendants' motion is granted. The plaintiff did not argue that the Court should apply Texas law, so the Court will not reach that question—one in desperate need of attention from the Court of Appeals.

1.   **The Defendant's Motion**

The plaintiff was injured in a motor-vehicle collision allegedly caused by the defendants. He produced affidavits from various medical providers testifying as to the reasonableness and necessity of his medical expenses. The defendants have moved to strike those affidavits as hearsay.[1] Dkt. Nos. 8 (motion); 9 (brief); 11 (reply).

The plaintiff concedes that the affidavits are hearsay. Dkt. No. 10. To solve that problem, he proposes that the Court redact references to the expenses' reasonableness or necessity. *Id*. at 2–3. The plaintiff points to no other district court that has adopted his proposed solution. The Court will not chart a third path, especially when doing so would simply present another problem under the Federal Rules of Evidence: What relevance would the affidavits have if they are stripped of the portions attesting to the reasonableness and necessity of the plaintiff's medical expenses?

Nor will the Court adopt the plaintiff's fallback position that what's sauce for the goose is sauce for the gander—that the defendants should be allowed to offer their own inadmissible affidavits. *Id.* at 4. Two wrongs don't make a right. The Federal Rules of Evidence are largely waivable; here the defendants have chosen to stand on their rights—rights that the plaintiff concedes are valid and enforceable in this context. Moreover, the Court is attentive to the need to provide uniformity of treatment across cases. The Court could not, in a future case, fairly compel a defendant to submit inadmissible affidavits.

---

[1] The plaintiff has not yet offered the affidavits, so there is nothing for the Court to "strike," but the Court trusts that a declaration that the affidavits are inadmissible and would be stricken if offered satisfies the defendants' concerns. *See Sanchez v. Aldi Tex., LLC*, 3:21-CV-0165-K, 2021 WL 4441982, at *2 (N.D. Tex. April 28, 2021) (Kinkeade, J.); *see also* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (noting that a motion to strike like the defendants' is "neither an authorized nor proper way to . . . strike an opponent's affidavits").

So the Court grants the defendants' motion insofar as it seeks declaratory relief: the affidavits will not be admissible at trial. As the defendants note, this does not prevent the plaintiff from offering other forms of evidence of his medical history. And this says nothing about the admissibility of the *records* of the plaintiff's medical treatment.

## 2.   The Real Problem

The rule of party presentation prevents the Court from raising issues and arguments not made by a party. *See generally United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020). In light of the plaintiff's response, this rule—with certain exceptions, none applicable here[2]—means that the Court cannot reach the real issue presented by the defendants' motion: whether district courts must apply the Federal Rules of Evidence against Section 18.001 affidavits.[3]

District courts across Texas are deeply divided on the issue of whether Section 18.001 affidavits are admissible in federal court. Some courts have concluded that the provision reflects Texas's considered policy choice and that, as a result, federal courts should apply it in order to avoid forum shopping and inequitable outcomes.[4] Others

---

[2] The Court will not wade into whether, as a matter of comity, the Court is obliged to apply state law even when the disadvantaged party does not ask it to do so.

[3] The plaintiff might argue that he did make the argument: "Plaintiff acknowledges that a number of courts have opined that 18.001 affidavits are purely procedural and thus are arguably not applicable in federal court under the *Erie* doctrine; however, even if this Court agrees, Plaintiff's affidavits should not be stricken in their entirety." Dkt. No. 10 at 2. But gesturing at an argument is insufficient when, just a few lines earlier, the plaintiff "acknowledges that his 18.001 affidavits are purely procedural, and thus fall under the purview of hearsay in federal court." *Id*. The defendants even teed up the counterargument in their brief. *See* Dkt. No. 9 at 3–4 & n.2 (providing four cases the plaintiff could have used to contest the defendants' characterization of the affidavits as "purely procedural"). Nevertheless, the plaintiff elected not to make it.

[4] *See, e.g.*, *Delarosa v. Great Neck Saw Mfrs.*, --- F. Supp. 3d. ---, 2021 WL 4618586 (E.D. Tex. 2021); *Vansill v. Dollar Tree Stores, Inc.*, 520 F. Supp. 3d 847, 851–54 (E.D. Tex. Feb. 18, 2021); *Peals v.*

conclude that federal courts should not apply Section 18.001 because the Texas Supreme Court has twice stated that Section 18.001 is merely a procedural rule, and federal courts apply federal procedural rules under the *Erie* doctrine.[5] This stark division demonstrates that discerning on which side of the substance/procedure line Section 18.001 falls is a bedeviling question.[6] Regardless of where a court falls, however, there is an urgent need for the Fifth Circuit to step in and provide clarity.

---

*QuikTrip Corp.*, No. 4:20-CV-022-KPJ, 2021 WL 302547, at *5 (E.D. Tex. Jan. 6, 2021); *Hutchison v. Gateway Ins. Co.*, No. 5-19-CV-01027-RBF, 2020 WL 7698819, at *2 (W.D. Tex. Jan. 2, 2020); *Bagley v. Dollar Tree Stores, Inc.*, No. 1:18-CV-580, 2019 WL 6492585, at *7 (E.D. Tex. Dec. 2, 2019); *Cueva v. Allstate Fire & Cas. Ins. Co.*, No. 5:19-CV-00324-OLG, 2019 WL 10302147, at *2 (W.D. Tex. Oct. 22, 2019), *and Grover v. Gov't Emps. Ins. Co.*, No. SA-18-CV-00850-FB, 2019 WL 2329321, at *2 (W.D. Tex. May 31, 2019).

[5] *See, e.g.*, *Hearn v. Kroger Tex. L.P.*, 3:21-CV-1648-D, 2021 WL 5505651 (N.D. Tex. Nov. 23, 2021) (Fitzwater, J.); *Vidal v. Kroger Tex., LP*, No. 3:20-CV-1541-G-BH, 2021 WL 779076, at *3 (N.D. Tex. Feb. 26, 2021) (Ramirez, M.J.); *Newby v. Kroger Co.*, 3:19-CV-2510-N, 2020 WL 3963740, at *2–3 (N.D. Tex. July 11, 2020) (Godbey, J.) *Jones v. QuikTrip Corp.*, No. 3:19-CV-2671-D, 2020 WL 6149967, at *1–2 (N.D. Tex. Oct. 20, 2020) (Fitzwater, J.); *Miley v. MMM Freight Corp.*, No. 6:19-CV-285-ADA-JCM, 2020 WL 5468828, at *3 (W.D. Tex. June 10, 2020); *Davila v. Kroger Tex., LP*, No. 3:19-CV-2467-N, 2020 WL 2331079, at *2–3 (N.D. Tex. May 8, 2020) (Godbey, J.); *Islas v. United States*, No. SA-19-CV-322-XR, 2020 WL 7683288, at *3–5 (W.D. Tex. Apr. 16, 2020); *Parker v. Sheila*, No. A-19-CV-00017-RP, 2020 WL 1669647, at *2 (W.D. Tex. Apr. 3, 2020); *Baird v. Shagdarsuren*, No. 3:17-CV-2000-B, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019) (Boyle, J.), *Holland v. United States*, No. 3:14-CV-3780-L, 2016 WL 11605952, at *1 (N.D. Tex. July 21, 2016) (Lindsay, J.); *Espinoza v. State Farm Mut. Auto. Ins. Co.*, No. 7:19-CV-00299, 2020 WL 4333558, at *7 (S.D. Tex. July 28, 2020) (Alvarez, J.).

[6] *Erie*'s substance-or-procedure question is often far from simple, particularly when it comes to evidentiary questions. *See generally Flamino v. Honda Motor Co.*, 733 F.3d 463, 469–72 (7th Cir. 1984) (Posner, J.); *Barron v. Ford Motor Co.*, 965 F.2d 195, 199–201 (7th Cir. 1992) (Posner, J.); *Milam v. State Farm Mut. Auto. Ins. Co.*, 972 F.2d 166, 170 (7th Cir. 1992) (Posner, J.); *Hamburger State Farm. Mut. Auto. Ins. Co.*, 361 F.3d 875, 888 n.1 (5th Cir. 2004) (King, C.J., concurring in part and dissenting in part); *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 877–83 (10th Cir. 2006) (Tymkovich, J.); Wright & Miller § 4512; John Hart Ely, *The Irrepressible Myth of* Erie, 87 Harv. L. Rev. 693 (1974); Jonathan F. Mitchell, *Reconsidering* Murdock: *State-Law Reversals as Constitutional Avoidance*, 77 U. Chi. L. Rev. 1335, 1360–61 (2010) ("Yet *Erie*'s decision to recognize state common law as a rule of decision in diversity litigation did not establish that 'the law' of a state is whatever its highest court says it is."). Indeed, the issue of substance or procedure may be irrelevant given that the relevant Federal Rules of Evidence were Congressionally enacted. *See, e.g.*, *In re Air Crash Disaster Near Chicago*, 701 F.2d 1189, 1193–94 (7th Cir. 1983).

Few personal-injury cases end with an appealable final judgment; once a case is settled, the district court's rulings along the way become unappealable. A plaintiff whose affidavits are stricken faces a steeper climb to recovery solely because of the citizenship of his defendant. Whether Section 18.001 applies in federal court materially affects only the ultimate disposition of a case.

A Texas district court first confronted Section 18.001 in 2006. *Rahimi v. United States*, 474 F. Supp. 2d. 825 (N.D. Tex. 2006) (Sanderson, M.J.). Since then, the Texas Supreme Court has addressed it thrice. *See Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011), *Gunn v. McCoy*, 554 S.W.3d 645 (Tex. 2018), *and In re Allstate Indem. Co.*, 622 S.W.3d 870 (Tex. 2021).[7] Yet, despite the affidavits' impact on litigants and the depth of the division among Texas district courts, the Fifth Circuit has never opined on the question. A resolution of the split among district courts over Section 18.001's applicability is long overdue. Courts have an obligation to provide parties with predictability. Sitting in diversity, federal courts have an added obligation to facilitate outcomes akin to those a state court would provide. Failing to apply Section 18.001 results in divergent outcomes and promotes forum shopping. Thus, in a case that cleanly presents the issue, the Court would consider certifying the question under 28 U.S.C. § 1292(b): the question is purely legal, has deeply divided district courts, has never been addressed by the Fifth Circuit, and materially affects the course of litigation. *See, e.g.*, *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1256–60 (11th Cir. 2004). Other district courts should consider doing the same.

---

[7] If Rule 802 is constitutional, it is unclear why the Supreme Court of Texas's opinions should have any effect on whether a federal court applies Section 18.001. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 26 (1988).

### 3. Conclusion

By sheer happenstance Paul Schmidt was hit by a driver who is not from Texas. But he concedes that the affidavits he offers are governed by the Federal Rules of Evidence. Since they are hearsay without an exception, they will not be admissible at trial.

So ordered on June 8, 2022.

                                                            JAMES WESLEY HENDRIX
                                                            UNITED STATES DISTRICT JUDGE